**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

BRADLEY BRIGGS,

                              Plaintiff,

           - v -                                      Civ. No. 9:16-CV-1018
                                                            (TJM/DJS)

ANTHONY J. ANNUCCI, *et al.*,

                              Defendants.
_____

**APPEARANCES:**                                   **OF COUNSEL:**

BRADLEY BRIGGS
Plaintiff, *Pro Se*
P.O. Box 244
Niverville, New York 12130

HON. ERIC T. SCHNEIDERMAN                KATIE E. VALDER, ESQ.
Attorney General of the State of New York   Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

    *Pro se* Plaintiff Bradley Briggs initiated this civil rights action, pursuant to 42 U.S.C. § 1983, on August 17, 2016, with the filing of a Complaint. Dkt. No. 1, Compl. At that time, Plaintiff was housed at the Franklin Correctional Facility while in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS").[1] After Defendants filed an Answer to the Complaint, this Court issued a Mandatory Pretrial Discovery and Scheduling Order, which, *inter*

---

[1] The actions at issue in the Complaint concern allegations of wrongdoing occurring while Plaintiff was confined at the Marcy Correctional Facility. Compl. at ¶ 4.

*alia*, set forth deadlines for the progression of this matter.² Dkt. No. 13. Therein, the discovery deadline was set for June 19, 2017, and the dispositive motion filing deadline was set for August 21, 2017. Additionally, because Plaintiff was incarcerated at the time he brought this action, the Mandatory Order granted leave to the Defendants, pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), to take Plaintiff's deposition. *Id*. at p. 4. With regard to such deposition, the Order provided the following admonition: "The failure of the plaintiff(s) to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37." *Id*.

Upon information and belief, during the pendency of this civil action, Plaintiff was released on conditions of parole on or about February 9, 2017. *See* DOCCS Inmate Lookup website, *available at* http://nysdoccslookup.doccs.ny.gov/kinqw00 (information viewed for DIN 14-A-2505 last viewed on April 27, 2017). On or about March 6, 2017, Plaintiff filed a Notice of Change of Address advising of his new address, P.O. Box 244, Niverville, N.Y. 12130. Dkt. No. 19.

On April 20, 2017, Defendants' Counsel filed a Letter-Motion explaining that a Notice of Deposition had been served upon Plaintiff setting his deposition for April 10, 2017, at the Attorney General's office in Albany, New York, yet Plaintiff failed to appear and neither communicated his intention to not appear nor lodged any objection to appearing prior to the date of the deposition. Dkt. No. 20. In a Decision and Order, dated April 27, 2017, I noted that there existed the possibility that Plaintiff did not received such notice in light of his more recent update of his address. Dkt. No. 21. Accordingly, in light of his *pro se* status and recent release from incarceration, I directed Defendants' Counsel to reserve Plaintiff with a notice of his deposition. Therein, I again provided

---

² The Order also provides for the automatic exchange of certain discovery depending on the type of violation alleged. Dkt. No. 13.

Plaintiff with the warning that "if he fails to attend the scheduled deposition, or in any way fails to cooperate in good faith at the deposition, he may be subject to sanctions, which could include dismissal of this action, pursuant to Federal Rule of Civil Procedure 37." *Id*. at p. 3.

Plaintiff's deposition was re-noticed for June 1, 2017, yet, Plaintiff again failed to attend. Accordingly, on July 10, 2017, Defendants moved to dismiss this action due to Plaintiff's lack of prosecution. Dkt. No. 23. A response to that Motion was due from Plaintiff on or before July 28, 2017. On August 16, 2017, I issued an Order noting that Plaintiff failed to respond to the Motion, but in light of his *pro se* status, I *sua sponte* extended his time to respond to the Motion and warned him of the consequences that could occur should he fail to respond. Dkt. No. 24. More specifically, the Order stated:

> **Plaintiff is warned that failure to respond may, if appropriate, result in the granting of Defendants' Motion, in which there will be no trial.** . . . Plaintiff is further warned that his failure to respond to the Motion could be construed by this Court as an indication that he has abandoned the case and no longer wishes to prosecute this matter[.]

*Id*. at pp. 1-2. (emphasis in original) (internal citation omitted).

A copy of that Order was mailed to Plaintiff by certified mail and the tracking information associated with that mailing indicates that it was picked up at the post office. Dkt. No. 25.

To date, and despite the extension of time provided, the Plaintiff has not responded to the Motion. In fact, the Court has not received any type of communication from Plaintiff since March 2017 when he advised the Court of his updated address.

Because Plaintiff's actions, or rather inaction, concern his failure to abide by Court Orders and attend his properly noticed depositions, I first start with Federal Rule of Civil Procedure 37(b)(1), which states, "[i]f the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court."

Rule 37 further authorizes an array of sanctions to be imposed when a party fails to comply with a court order. FED. R. CIV. P. 37(b)(2); *see also* N.D.N.Y.L.R. 1.1(d) ("Failure of . . . a party to comply with any provision of these Rules, General Orders of this District, Orders of the Court, or the Federal Rules of Civil or Criminal Procedure shall be a ground for imposition of sanctions."). Included as a sanction in Rule 37(b)(2) is the remedy of dismissal against the disobedient party. FED. R. CIV. P. 37(b)(2)(A)(v). Sanctions are also available, upon motion, for a party's failure to attend his own deposition. FED. R. CIV. P. 37(d)(1)(A)(i).

Similarly, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also* N.D.N.Y.L.R. 41.2. "This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases." *Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (citing *Rodriguez v. Walsh*, 1994 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994)); *see also Dodson v. Runyon*, 957 F. Supp. 465, 469 (S.D.N.Y.), *aff'd without opinion*, 152 F.3d 917 (2d Cir. 1998), (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 148, 485 (2d Cir. 1994)). Given the harsh nature of Rule 41(b) dismissals, such dismissals are "appropriate only in extreme circumstances." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (quoted in *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998)). Further, a court must be cognizant of the special latitude to be given to a *pro se* litigant. *Webb v. Bermudez*, 1996 WL 599673, at *1 (S.D.N.Y. Oct. 17, 1996) (citing *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986) for the proposition that "dismissal against *pro se* litigants should be granted only when they deliberately frustrate the process, not when they do so through a misunderstanding.").

In considering whether dismissal is the proper action herein, I must consider the following: (1) the duration of Plaintiff's failure to comply with the Court's Orders; (2) whether Plaintiff was on notice that failure to comply would result in dismissal; (3) whether the Defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the Court's interest in managing its Docket with the Plaintiff's interest in receiving a fair chance to be heard; and (5) whether the Court has adequately considered a sanction less drastic than dismissal. *See Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Pert v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993). Generally, no factor alone is dispositive. *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d at 485.

After reviewing Defendants' Motion and the entire Docket Report, I find that Plaintiff has exhibited an apparent unwillingness to participate in this litigation. The Court's Scheduling Order was clear as to what would constitute adequate notice with regard to Plaintiff's deposition. And, in accordance with those parameters, Defendants twice provided clear notice to Plaintiff as to when his deposition would occur. While I was skeptical as to whether Plaintiff received proper notice of the first deposition, there is no indication that Plaintiff did not receive proper notice of his second deposition. Yet, he failed to contact the Defendants' counsel to alert her as to any difficulty he faced in appearing, thus causing Defendants to incur unnecessary costs.[3]

Although the Court provided Plaintiff with an opportunity to respond to Defendants' Motion for Sanctions, Plaintiff has failed to do so and has not given any indication to the Court of his intentions to prosecute this matter. Indeed, it appears to this Court that Plaintiff has abandoned his pursuit of this action. With the passing of the discovery deadline, Plaintiff's behavior has invariably

---

[3] Counsel indicates that the Office of the Attorney General incurred $155.60 in court reporter fees as a result of Plaintiff failing to appear for his depositions. Dkt. No. 23-1, Katie E. Valder, Esq., Decl., at ¶¶ 14 & 15, & Exs. D & E.

prejudiced the Defendants' ability to properly defend this matter. Plaintiff has patently ignored the Court's Orders directing him to participate in discovery and in his deposition in good faith. The Court has provided ample warnings to Plaintiff, and yet, Plaintiff has not heeded these warnings and has chosen not to oppose Defendants' request for dismissal. Just as the Court's dictates and admonitions have fallen on deaf ears, so too would imposing less drastic sanctions. Defendants cannot be expected to combat Plaintiff's charges without the benefit of having his testimony recorded before trial and I will not direct Defendants to incur any further unnecessary costs associated with an action that Plaintiff ostensibly, given his failure to defend against the Motion, has no desire to litigate. Given Plaintiff's behavior and inattention to Court Orders, I am left with only one suitable sanction – dismissal. *See Salahuddin v. Harris*, 782 F.2d at 1132 (dismissal against *pro se* litigants should be granted only when they deliberately frustrate the process, not when they do so through a misunderstanding).

**WHEREFORE**, after due deliberation and for the reasons stated above, it is

**RECOMMENDED**, that Defendant's Motion to Dismiss and for Sanctions (Dkt. No. 23) be **granted** and this action be **dismissed**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the Plaintiff by certified mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[4] within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

---

[4] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, & 6(e).

Date:   October 2, 2017
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge